# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID ERIC DALTON,** | CASE NO. 7:14CV00651 |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **VIRGINIA DEPARTMENT OF CORRECTIONS,** *ET AL.,* | By: Norman K. Moon<br>United States District Judge |
| **Defendant(s).** | |

David Eric Dalton, a Virginia inmate proceeding *pro se*, filed this § 1983 action against the Virginia Department of Corrections ("VDOC"), alleging that the delay in transferring him from the New River Valley Regional Jail ("NRVRJ") to a VDOC prison violated his constitutional rights. Dalton has also moved to amend to add details and to name NRVRJ and Gerald McPeak as defendants; I will grant this motion. "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Dalton's complaint as amended, I conclude that he has no legal basis for a § 1983 claim against the defendants and, therefore, I will dismiss this case without prejudice.

I.

Dalton's complaint, which sues only the VDOC, provides few details about his claims, stating only:

> Sentenced to serve 4 years & 9 months in the [VDOC] . . . also including court ordered therapeutic program. DOC is in violation of sentencing court order by allowing [NRVRJ] to hold me [for] an ind[eter]minate time. NRVRJ is not a

> DOC instituti[o]n. . . . [VDOC] offers var[ied] work and educational programs not available at this facility, creating personalized discrimination.

Pl.'s Compl. 2-3. Dalton also complains that inmates sentenced to serve time in VDOC facilities must wait until bed space becomes available, because VDOC has closed so many prisons and because courts have not adjusted sentencing. Finally, he adds NRVRJ and Gerald Peak as defendants. None of his filings in this Court state what form of relief Dalton seeks.

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). As an initial matter, Dalton cannot prevail in a § 1983 claim against NRVRJ or VDOC, as neither of these entities is a "person" subject to suit under § 1983. *See Preval v. Reno*, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (finding that state and its agencies are not persons under § 1983); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding jail not a person for purposes of § 1983). Therefore, Dalton's claims against these defendants must be dismissed under § 1915A(b)(1) as frivolous.

For different reasons, Dalton also fails to state any § 1983 claim against Gerald McPeak, apparently an official at NRVRJ. Dalton does not allege facts indicating that McPeak has any responsibility for the amount of bed space available in VDOC facilities, or that McPeak has taken any specific action in violation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights").

In any event, Dalton's claim itself is legally frivolous. An inmate has no constitutional right to be assigned to any one prison facility over another, even when the conditions in one

facility are more favorable than in other facilities. *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 (1976). Moreover, a state official's failure to abide by state procedural laws or rules regarding prison matters is not a federal due process issue and is not actionable under §1983. *Riccio v. County of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990). Therefore, even if Dalton has some right under state law to participate sooner in VDOC facility programs, a state official's violation of state law is not actionable under § 1983.[1]

III.

For the reasons stated, I conclude that Dalton's submissions do not state any claim of constitutional significance actionable under § 1983. Therefore, I will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous.

ENTER: This  4th  day of May, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's state law claims are thus not independently actionable under § 1983, and I decline to exercise supplemental jurisdiction over them in this action. *See* 28 U.S.C. § 1367(c). All such claims will be dismissed without prejudice accordingly.